REGAN, Judge.
Plaintiffs, Wallace S. Knight, and his subrogee collision insurer, Emmco Insurance Company, instituted this suit against the defendant, Sidney L. Guidry, endeavoring to recover the sum of $343.90,[1] representing property damage incurred by the Knight vehicle as the result of defendant’s negligence in ignoring a red traffic light at the intersection of Poydras and S. Peters Streets and colliding with an automobile driven by Reginald Knight, the son of the first named plaintiff.
The defendant answered and denied negligence, and in the alternative, pleaded the contributory negligence of Knight in failing to maintain a proper lookout.
From a judgment in favor of the defendant dismissing plaintiffs’ suit, they have prosecuted this appeal.
The record reveals that S. Peters is a one way street which runs in a downtown direction, or roughly, parallel with the Mississippi River. Where it intersects Poydras Street, traffic therein is regulated by a signal light.
*560 The defendant testified that he was driving in S. Peters toward Canal Street at approximately 9:40 p. m. on November 29, 1959, and as he approached the Poydras Street intersection, he was moving about 30 miles per hour, but he slowed his vehicle to 25 miles per hour before entering therein. When he reached the entrance to the intersection, he looked to his left and then to his right. He explained that there is a building on the uptown river corner of this intersection, which obstructed his vision to the right until his vehicle was in the entrance of the intersection, and at this point he did notice the approach of plaintiff Knight’s vehicle, which did not appear to be slowing down. He immediately applied his brakes but was unable to stop in time to avert the collision. Following the accident it was called to Guidry’s attention that Knight was crossing the intersection in conformity with a favorable light; however, he was emphatic in asserting that the semaphore signal regulating S. Peters Street traffic was not functioning when the accident occurred. He explained he had never traversed this intersection before and was unaware of the existence of a traffic light at this corner. Despite the fact that the defendant was given a ticket by the police officer investigating the accident for failing to stop in obedience to a red light, his statement that the light was not functioning when the accident occurred was substantiated by the testimony of William F. Lilly, traffic signal supervisor for the City of New Orleans.
Lilly testified that at 10 p. m. on the night of the accident his office received a complaint that the semaphore in question was not functioning properly and that this was not repaired until an hour after the complaint was received.
The evidence inscribed in the record establishes that this signal light regulating Poydras Street traffic was green as plaintiff’s vehicle approached the intersection and that he was traveling in a Iakeward' direction at approximately 25 miles per hour.
Predicated on the foregoing evidence, the trial judge apparently concluded that the defendant was not negligent; however, we are of the opinion that this finding was erroneous.
While it is true that the evidence preponderates to the effect that the traffic signal regulating S. Peters Street traffic was not functioning when the accident occurred, defendant has established his own negligence by asserting that he entered into a blind intersection at a speed of 25 miles per hour. If we were to assume arguendo that this intersection was not regulated by a traffic light, defendant would still be guilty of gross negligence in view of the fact that plaintiff, who approached from his right, had the right of way.
The law imposes a duty upon a motorist to approach a blind intersection with extreme caution and ascertain that it is safe to traverse it before even entering therein.[2] It has been held that a motorist who approached from the left and entered therein at a speed of 20 miles per hour was negligent in that he disregarded the duty of care placed upon him in negotiating a blind intersection by proceeding at an excessive rate of speed.[3]
Since the plaintiff had the right to rely upon the green signal in traversing the intersection and could not have seen the defendant’s vehicle in time to avert the accident, we are compelled to conclude that defendant’s negligence was the sole and proximate cause of the accident.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiffs, Emmco Insurance Com *561 pany and Reginald Knight[4] in the sum of $343.90, together with legal interest from judicial demand. Defendant is to pay all costs of this litigation.
Reversed and rendered.

. The policy of insurance has a $100 deductible provision; therefore, Knight’s interest herein is $100, and the balance is Emmco’s.

. Goff v. Southern Coffee Mills, La.App., 144 So. 513

. Lambert v. Rogers, La.App., 109 So,2d 120.

.Although Wallace Knight was named as one of the plaintiffs, the vehicle was owned by his son, Reginald Knight. While this litigation was pending the elder Knight died and his son was substituted as a party plaintiff.