SAVOY, Judge.
This suit arises from a collision between vehicles driven respectively by Gerald Thomas and by Mrs. Alice Glynn. Thomas’ collision insurer sues as his sub-rogee to recover for property damage to his vehicle. Mrs. Glynn and her husband are impleaded as defendants. The plaintiff insurer appeals from the dismissal of its sub-rogation suit.
After damages were stipulated, the plaintiff rested after introducing only the testimony of its insured, Thomas. The defendants immediately rested also, suggesting that the plaintiff had not proved that Mrs. Glynn’s negligence, if any, was the sole proximate cause of the accident. The trial court held that Thomas’ testimony showed his own contributory negligence, which thus barred recovery on his behalf.
Plaintiff contends that the insured Thomas’ testimony by itself establishes a prima facie case for recovery, and that, therefore, the trial court erred in dismissing the suit to recover damages sustained by him.
Prior to the accident, Thomas was proceeding eastward on a right-of-way street in Elizabeth, Louisiana, at a speed of twenty-five to thirty miles per hour, within legal limits. He testified that he saw Mrs. Glynn approaching toward the through street from the south on an inferior road which dead-ended at the intersection of the streets.
According to Thomas, he himself was then at that time twenty-five to thirty feet from the intersection, while Mrs. Glynn had not quite entered it. He immediately “mashed” on the brakes and then cut to his left across the road onto the left (north) shoulder, then cut right again and collided, right fender to right fender, with Mrs. Glynn’s automobile, which, in the meantime had entered the intersection, turned left (west) across the main road, and had then drawn onto the (north) shoulder. Thomas testified that after the accident his vehicle proceeded another seventy-five feet before stopping, because his brakes had failed.
We are of the opinion that according to the uncontradicted testimony of Thomas, plaintiff has made out a prima facie case. Defendant did not introduce any evidence at the trial.
In Gautreaux v. Southern Farm Bureau Casualty Co., (La.App., 1 Cir., 1955), 83 So.2d 667, the court said:
“In the everyday world, ordinarily prudent motorists on the main thoroughfare do not slow before each corner and attempt to peer down the sidestreets, but instead concentrate most of their atten *558 tion on the path ahead, relying' on their legal 'right of way.’ Legislative provisions for right of way are to facilitate the passage of traffic in this congested twentieth century world. If- to accomplish this purpose, and in realization that even observing the path ahead may tax the ordinary motorists’ powers of sustained observation, the legislature has relieved the motorist on the right of way street of a duty ordinarily to slow before each intersection (and, consequently, of a duty to take his attention from the path ahead by darting glances each way down the intersecting streets), appellate courts should not supply artificial standards in an unrealistic attempt to allocate damages after an accident has occurred.”
Plaintiff’s insured, Thomas, proceeding on a favored street, had a right to assume that his right-of-way would be respected by Mrs. Glynn, who was approaching on the inferior side road; and, that her sudden imprudent entry into his path created a sudden emergency of her sole causing, so that any subsequent error of judgment on his part does not bar his recovery. See Welch v. Welch, (La.App., 4 Cir., 1964), 169 So.2d 713. In the Welch case, supra, the court stated:
“Our settled jurisprudence is to the effect that a motorist who is driving at a reasonable speed on a right-of-way street has a right to assume that a driver ap-, proaching from a less favored street will stop for the intersection and yield the right-of-way; the motorist on the right-of-way street has the right to indulge in this assumption until he sees, or should see, that the other car has not observed or is not going to observe the law. * * * »
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff, American Road Insurance Company, against defendants, Willie Glynn and Alice Glynn, in the sum of $230.89, together with legal interest thereon from date of judicial demand until paid. Defendants to pay all costs in the trial court and in this court.
Reversed and rendered.