193 So.2d 840 (1966)
LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY
v.
Melvin TAYLOR, Frederick Baas and Allstate Insurance Company.
No. 2414.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1966.
As Amended on Denial of Rehearing January 9, 1967.
Rehearing Denied January 24, 1967.
Bienvenu & Culver, Helen C. Harper, New Orleans, for plaintiff-appellant.
Brierre & Malone, Eugene D. Brierre, J. David Malone, III, New Orleans, for defendants-appellants.
Nestor F. Mills, New Orleans, for defendant-third party petitioner-appellee.
Before REGAN, HALL and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Liverpool & London & Globe Insurance Company, filed this suit as subrogee of Mr. and Mrs. Joseph Kirschs, against the defendants, Frederick Baas, Allstate Insurance Company, Baas's automobile liability insurer, and Melvin Taylor, endeavoring to recover the sum of $516.00 representing the amount paid to *841 the Kirschs by Liverpool for the damage incurred to their premises as the result of an intersectional collision between the vehicles owned and operated by the principal defendants herein.
Baas and Allstate answered, denying the plaintiff's accusations of negligence, and requested in the alternative contribution from Melvin Taylor in the amount of 50% of any judgment which may be rendered against them.
Melvin Taylor answered and likewise denied the accusations of negligence recited in the plaintiff's petition. In addition thereto, he filed a third party petition against Baas and Allstate in an endeavor to recover the sum of $2,271.84, representing damages for personal injuries and medical expenses which were incurred by him as a result of the collision.
Following a trial on the merits, the lower court rendered judgment in favor of the plaintiff and against the defendants, Baas and Allstate, solidarily in the amount of $512.00. In addition, plaintiff's suit against Taylor was dismissed. Judgment was also rendered in favor of Taylor and against Baas and Allstate, solidarily, as third party defendants, in the amount of $520.00.
From that judgment, Baas and Allstate have prosecuted this appeal. The plaintiff has also appealed from that part of the judgment dismissing its suit against Taylor.
The record discloses that on January 25, 1965, the defendants were involved in a collision which occurred between their respective vehicles in the intersection of Piety and North Rampart Streets in the City of New Orleans. Taylor was driving his Dodge truck in North Rampart Street in an easterly direction, or toward the Industrial Canal. Upon reaching the intersection of North Rampart and Piety Streets, he stopped his vehicle in obedience to a traffic sign and permitted a pedestrian, Mrs. G. Vollentine, to cross the street in front of his vehicle. Shortly after the truck resumed its forward motion, it was violently struck on the left side by an automobile being driven by the defendant, Baas, in Piety Street toward the Mississippi River. As a result of the collision, Taylor's truck was caused to spin around, cross the sidewalk, and the rear thereof damaged the business establishment insured by the plaintiff.
The roadways are designated as one way streets, Piety being the favored street, and the speed limit on each was 20 miles per hour. The intersection is located in an older part of the city, and the buildings adjacent thereto are constructed so that they abut the sidewalk. Thus, the view of an operator of a motor vehicle traversing this intersection is substantially reduced.
The evidence adduced herein reveals little doubt that Baas was negligent in the operation of his car. By virtue of his own admission, he was driving 30 miles per hour, and he admitted pleading guilty to a charge of speeding in excess of 35 miles per hour in traffic court. Moreover, the guest passenger in his automobile estimated their speed to be between 35 and 40 miles per hour. Finally, the investigating police officer measured the skid marks impressed upon the roadway by the Baas vehicle and he testified that they measured 78 feet prior to the point of impact and 15 feet thereafter. Predicating his opinion on the Northwestern Institute's speed chart, he estimated Baas's speed to be 36 miles per hour.
The next question posed for our consideration is whether the other defendant, Taylor, was negligent in the operation of his truck. He asserted that he stopped at the intersection in obedience to a traffic sign, that a pedestrian was permitted to cross in front of his vehicle, and then he looked to his left up Piety and could see as far as Saint Claude Street, which is one block removed from Rampart Street, in order to determine whether any traffic was approaching therein. He asserted that he observed none in the area and, therefore, decided *842 that it was safe for him to drive into the intersection.
It is well settled that when a motorist stops in obedience to a traffic sign, he only performs half of the duty imposed upon him by law, and he is further required to make a careful evaluation of traffic conditions in the intersection and to refrain from driving therein in the face of obvious or possible dangers.[1] In this case, it is quite apparent that the Baas automobile was located in Piety Street, in the block between Saint Claude Avenue and Rampart Street, and approaching the Taylor vehicle at a speed in excess of the prescribed limit. However, Taylor's testimony is to the effect that while he saw automobiles moving along Saint Claude Avenue, which is parallel to and one block removed from Rampart, the street in which he was driving, he, nevertheless, failed to observe the Baas vehicle approaching him from his left on Piety, the favored street.
We can only conclude, from the foregoing testimony, that Taylor either did not look, or, if he did look, he failed to observe that which he is legally required to see. We are, therefore, of the opinion that Taylor was negligent in driving his vehicle into the intersection and directly into the path of an approaching automobile.
In an effort to exculpate himself from liability, Taylor urges in his defense the rationale emanating from the case of Thomas v. Checker Cab Company of New Orleans,[2] which reasoned that an operator of a motor car is not required to anticipate that an approaching vehicle is being operated at an unlawful rate of speed. An analysis of the Thomas case reveals, however, that the driver in the situation analogous to that occupied by Taylor herein could actually see one third of a block, or 100 feet, along the intersecting street, and he was unable to observe the approach of the other car because it was beyond his line of sight and traveling at such an excessive speed that it reached the extreme limit of his line of vision and collided with him before he had an opportunity to evaluate its speed. In this case, however, it is clear that the Baas vehicle was well within Taylor's line of vision and that Taylor, for one reason or another, simply failed to observe the presence of the vehicle. Under these very factual conditions, it is clear that Taylor was negligent when he left a position of safety and drove carelessly into the intersection and, of course, into the path of the Baas automobile.
In determining what is negligent conduct, we have iterated and reiterated that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept. Judicially, we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for an intersectional collision and prescribe the proper rule for each.
For the foregoing reasons, the judgment of the lower court is amended in part and affirmed in part as follows: Judgment is rendered in favor of the plaintiff, Liverpool & London & Globe Insurance Company, and against the defendants, Frederick Baas and Allstate Insurance Company, and Melvin Taylor, solidarily, in the full sum of $512.00.
Judgment is further rendered in favor of Frederick Baas and Allstate Insurance Company and against Melvin Taylor on the formers' third party petition in the amount of $256.00.
*843 Judgment is also rendered in favor of Frederick Baas and Allstate Insurance Company and against Melvin Taylor dismissing Taylor's suit.
All costs incurred herein from date of judicial demand are to be paid by the defendants.
Amended in part and affirmed in part.
NOTES
[1] See Wise v. Prescott, 142 So.2d 613 (La. App.1962); Anderson v. Morgan City Canning Co., 73 So.2d 196 (La.App.1954).
[2] 229 La. 1079, 87 So.2d 605 (1956).