197 So.2d 696 (1967)
Alfred L. LUCAS, Jr.
v.
Joseph L. BROUSSARD, Sr., Joseph L. Broussard, Jr., and Zurich Insurance Company.
No. 2574.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1967.
Rehearing Denied May 1, 1967.
*697 Dufour, Levy, Marx & Lucas, William M. Lucas, Jr., New Orleans, for plaintiff-appellant.
Normann & Normann, James D. Carriere, New Orleans, for defendants-appellees.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
SAMUEL, Judge.
This is a suit for personal injuries (in the amount of $600) and property damage to plaintiff's automobile (in the amount of $360.50) incurred in an automobile collision between a car owned and driven by plaintiff and one owned by Joseph L. Broussard and driven by his minor son, Joseph L. Broussard, Jr., who resided with his father at the time of the accident. Named defendants are the two Broussards, father and son, and Zurich Insurance Company, liability and collision insurer of the defendant vehicle. Defendants' answer denies liability and alternatively pleads contributory negligence. Joseph L. Broussard and Zurich also filed a reconventional demand in the total amount of $193.90, the cost of repairing the Broussard automobile, the former for $100 representing the deductible portion of his collision insurance with Zurich and the latter for its subrogated $93.90. The $360.50 damage to plaintiff's car and the $193.90 cost of repairing the defendant vehicle, paid as alleged in the reconventional demand, were stipulated by both counsel during the trial.
Plaintiff has appealed from a judgment dismissing the main demand at the cost of plaintiff and dismissing the reconventional demand at the cost of plaintiffs in reconvention. Defendants have answered the appeal seeking reversal of that part of the judgment which dismisses the reconventional demand.
Neither vehicle had a passenger; the only persons who saw the accident, and the only ones who testified at the trial, were the two drivers. Their testimony is conflicting in many respects; but some of the facts are not in dispute and those facts are:
The accident occurred on July 29, 1965 at approximately 4:30 p. m. at Leake Avenue and Hampson Street in the City of New Orleans. Both streets are blacktopped. Leake is a two-way street with only two lanes, one each for traffic traveling in opposite directions. Hampson ends at Leake Avenue and enters Leake at an acute angle; it is the inferior street of the two and traffic on Hampson is controlled by a sign requiring vehicles to stop before entering Leake. At the time of the accident it was cloudy and drizzling and the streets were wet from a recent heavy rain.
Plaintiff was on Hampson Street traveling in a northwesterly direction towards Leake Avenue. The defendant vehicle was on Leake Avenue traveling in a northerly direction in its right lane approaching Hampson. Tall weeds to plaintiff's left and young Broussard's right obscured the vision of both drivers. Plaintiff stopped in obedience to the stop sign, but being unable to see to his left because of the weeds and the angle at which the two streets met, he proceeded forward, primarily to get a better view. Young Broussard "slammed" on his brakes, his car skidded out of control, jackknifed into the opposite lane of Leake Avenue and continued skidding. The right front of the defendant car struck the plaintiff vehicle on the latter's left side.
Plaintiff testified as follows: He intended turning right into Leake Avenue and had stopped momentarily at the stop sign which was 8 to 12 feet from the corner. But when he could not see because of the *698 weeds, he moved forward, stopped again at the edge of the Leake Avenue curb and leaned forward over the steering wheel in order to see if anything was approaching. No part of his car ever extended into Leake Avenue. The defendant car was traveling at a speed of about 50 miles per hour and slammed on its brakes when he first saw it at a distance of about 70 feet away. As that car careened into its left lane 40 or 50 feet away, he could see young Broussard spinning his steering wheel to get his vehicle under control, and seconds later skidded into his car. Plaintiff had tried to put his car in reverse and back up but the accident happened so quickly he was unable to do so.
The defendant driver testified: He first saw the plaintiff automobile when it was in a stopped position approximately 75 to 100 feet away. At that time no part of the vehicle protruded into Leake Avenue. His estimated speed was 25 to 30 miles per hour and he decreased that speed upon seeing the plaintiff car. When he saw plaintiff pulling out and turning right into Leake Avenue he immediately applied his brakes very hard and blew his horn. At this time he was only 30 feet away and the defendant vehicle was 5 to 6 feet into Leake Avenue. His car skidded and jackknifed but at the moment of impact it was almost at a stop.
The trial judge did not give reasons for judgment and the record does not contain any finding of fact made by him. However, from our reading of the record we find that when the plaintiff proceeded forward after stopping in obedience to the stop sign, the front portion of his car, or at least the left side thereof because of the angle at which Hampson enters Leake, entered Leake Avenue and the traffic lane in which the defendant vehicle was traveling. We also find the defendant vehicle was not traveling at an excessive rate of speed under the circumstances, the sole basis of plaintiff's contention that the defendant driver was negligent. Plaintiff's estimate of that speed cannot be accepted. According to his own testimony when he first saw the defendant car its brakes were on or were in the process of being applied and he bases his estimate largely upon the fact that, as he says, the car skidded 70 feet and by the amount of damage which resulted from the collision.
It is difficult enough even under the best of circumstances to judge the speed of an approaching car; the length of the skidding, either 30 or 70 feet according to testimony of each witness, is not, in itself, indicative of excessive speed; and speed cannot be determined by the damages here involved. See Chiasson v. Connecticut Fire Insurance Company, La.App., 144 So. 2d 726; Liddell v. New Orleans Public Service Inc., La.App., 128 So.2d 80.
Accordingly, we find no negligence on the part of the defendant driver. He was on a street which had the right-of-way and was faced with a sudden emergency created by the plaintiff when the latter proceeded into his path at such a short distance away that he had no alternative but to apply his brakes. Dane v. Canal Insurance Company, 240 La. 1038, 126 So.2d 355; Gauthreaux v. Hogan, La.App., 185 So.2d 44; King v. Vico Insurance Company of St. Louis, 182 So.2d 135; McMorris v. Hanover Ins. Co., La.App., 175 So.2d 697; Higginbotham v. Frazier, La.App., 92 So.2d 89.
On the other hand we find that the plaintiff was guilty of negligence which caused the accident. A driver who stops at a stop sign has discharged only part of the duty required of him; he must not proceed until he has made certain it is safe to do so; and this rule is especially applicable, and requires a greater degree of care on the part of such a driver, when the intersection he enters is a blind one. Liverpool & London & Globe Insurance Co. v. Taylor, 193 So.2d 840; Westchester Fire Insurance Co. v. Dardar, La.App., 158 So.2d 239; Wise v. Prescott, La.App., 142 So.2d 613; Emmco Insurance Co. v. Guidry, La.App., 139 So.2d 559; Lavigne v. Southern Bureau Casualty Ins. Co., La.App., 125 So.2d 430.
*699 For the reasons assigned, the judgment appealed from is reversed only insofar as it dismisses the reconventional demand and assesses costs. Accordingly, it is now ordered that there be judgment, in reconvention, in favor of plaintiff in reconvention, Joseph L. Broussard, and against defendant in reconvention, Alfred L. Lucas, Jr., in the full sum of $100, together with legal interest thereon from date of judicial demand until paid, and in favor of plaintiff in reconvention, Zurich Insurance Company, and against defendant in reconvention, Alfred L. Lucas, Jr., in the full sum of $93.90, together with legal interest thereon from date of judicial demand until paid. It is further ordered that costs in both courts be paid by plaintiff in the main demand and defendant in reconvention, Alfred L. Lucas, Jr. In all other respects the judgment appealed from is affirmed.
Affirmed in part; reversed in part.