REGAN, Judge.
The plaintiff, Connecticut Fire Insurance Company, filed this suit against the defendants, Franklin Rayford and James E. Jackson, III, in an endeavor to recover the sum of $858.00 representing the cost of repairing a building owned by its insured, William Hagerty, which was damaged as the result of a collision between the respective vehicles owned and operated by the defendants, in the intersection of Hickory and Dante Streets.
The defendants answered and denied that they were guilty of any negligence in the premises, and each insisted that the proximate cause of the accident was the fault of the other driver.
Following a trial on the merits, judgment was rendered in favor of the plaintiff and against both defendants solidarily. From that judgment, only James E. Jackson, III, has appealed.[1]
The record discloses that on March 26, 1966, the defendants were involved in an automobile accident in the intersection of Dante and Hickory Streets, in the City of New Orleans. The property damaged as the result thereof is designated by the municipal number 1738 Dante Street, and the plaintiff was the insurer of its owner, William Hagerty; it repaired the damage to the property and obtained a subrogation from Hagerty, hence this suit by the plaintiff.
When the accident occurred, Rayford was operating his vehicle in the general direction of Jefferson Parish in Hickory, the favored street, and Jackson was driving in Dante Street in the general direction of the Mississippi River. A stop sign exists in Dante Street which regulates traffic moving therein, and the speed limit on each roadway is fixed at 20 miles per hour. The record discloses that Jackson drove his vehicle to the corner of Dante and Hickory and stopped in obedience to the traffic sign. He insists that he looked both to his left and his right before he drove into the intersection and when he reached the approximate center thereof, his vehicle was violently struck on its left side by the Rayford vehicle and propelled into the Hagerty property which, as we said, was insured by the plaintiff herein.
Rayford testified that he was driving in Hickory Street at a speed of 20 miles per hour; however, there is sufficient evidence inscribed in the record to convince us that he was operating his vehicle at a considerably higher rate of speed, perhaps as much as forty miles per hour. Jackson asserted that he looked in the direction from which the other vehicle approached but failed to see it. Hickory Street at this point was lined on both sides with parked automobiles, and according to Jackson’s testimony he could only see 25 feet in the direction of the Rayford vehicle. He explained that he could not see through the windows of the cars parked along Hickory Street, since it had been raining and the windows of the vehicles were beaded with water.
In an effort to exculpate himself from liability, Jackson argues that he was entitled to presume that any vehicle moving *552 in his direction in Hickory Street was traveling at a lawful rate of speed, and since there were no vehicles within the range of his vision, which was about 20 to 25 feet, he was entitled to proceed into the intersection with impunity.
In both his brief and oral argument, counsel for Jackson relied on the rationale emanating from Thomas v. Checker Cab Company of New Orleans [2] to support the foregoing argument. In that case, the plaintiff stopped his vehicle in obedience to a traffic sign, and he could see into the intersecting right-of-way street, a distance of approximately 100 feet. He did not observe any vehicle moving therein in his direction. Unknown to him, however, a vehicle outside the range of his vision was proceeding toward him “at a terrific rate of speed”, and as the result thereof, it struck his car in the course of his endeavor to traverse the intersection. The court reasoned that the plaintiff who was confronted with the stop sign was entitled to rely on the presumption that any vehicle proceeding toward him outside of his range of vision, which in this instance was approximately 100 feet, would be moving at a lawful rate of speed, and therefore the plaintiff was not contributorily negligent in his endeavor to traverse the intersection. The court, in effect held, that the proximate cause of the collision was the “terrific rate of speed” of the defendant’s vehicle. It is clear, however, that the facts which were developed herein are not encompassed by the rationale emanating from the Thomas case. Jackson concedes that he could only see 20 to 25 feet in Hickory Street in the direction from which the Rayford vehicle was proceeding. He nevertheless casually drove into the intersection. Simple calculation, however, indicates that even if the Rayford vehicle were moving at the lawful speed of 20 miles per hour, he would have been traveling at approximately 29 feet per second, and when Jackson looked into Hickory and could see therein only a distance of 20 to 25 feet, the Rayford vehicle was then about 29 feet away. In view of these individual facts, we are of the opinion that Jackson was neither prudent nor reasonable when he drove into this intersection; therefore, we must conclude that the rationale of the Thomas case has no application to the facts hereof.
In oral argument before this court, counsel for Jackson asserted that he also desired to rely upon the rationale of Liverpool & London & Globe Insurance Company v. Taylor,[3] wherein we stated, in effect, that the doctrine of stare decisis is inapplicable to tort cases, the facts of which must be treated individually in conformity with the true civil law concept in order to- attain a maximum of justice. In this case, the driver who had stopped in obedience to a traffic sign looked to his left and asserted that he could see a distance of one block, which is approximately 300 feet. However, he failed to notice a vehicle located somewhere in that block which was moving in his direction at an unlawful rate of speed. Under these factual circumstances, we reasoned that Taylor was at fault since he did not observe what the law contemplates he should have seen. In other words, he was negligent in driving his vehicle directly into the path of an approaching automobile moving at an unlawful rate of speed..
In view of our reasoning in the Taylor case, we fail to comprehend how counsel for Jackson can gain any comfort therefrom.
In any event, an analysis of the whole tenor of the record convinces us that Jackson was guilty of negligence which directly contributed to the occurrence of the collision. We have often remarked as we did in the Taylor case, that a motorist who stops in obedience to a traffic sign performs only half of the duty imposed upon him by law. He is further required to make a careful evaluation of traffic conditions which exist in the intersection and refrain *553 from leaving a position of safety and driving therein in the face of obvious or possible danger.[4]
For the foregoing reasons, the judgment of the lower court is affirmed.
The costs of this appeal are to be paid by the defendant, Jackson. Both defendants are to pay all other costs.
Affirmed.

. Consequently, the judgment against Franklin Rayford has become final as to him.

. 229 La. 1079, 87 So.2d 605 (1956).

. 193 So.2d 840 (La.App., 1966).

. Liverpool & London & Globe Insurance Company v. Taylor, 193 So.2d 840 (La.App., 1966).