235 So.2d 182 (1970)
The CONTINENTAL INSURANCE COMPANY and Sandermann G. Davies
v.
Edward F. DUTHU, Jr.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Clifford Young
v.
S. G. DAVIES, Individually and on Behalf of his Minor Daughter, Kathleen E. Davies, Edward F. Duthu, Jr., and Ace Hi Motor Company.
Nos. 3952, 3953.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1970.
Rehearings Denied June 1, 1970.
*183 Ovide M. Tregle, Jr., Metairie, for plaintiffs-appellees.
Guste, Barnett & Little, Michael F. Little, New Orleans, for defendant-appellant.
Brierre & Malone, J. David Malone, New Orleans, for plaintiffs-appellees.
*184 Ovide M. Tregle, Jr., Metairie, for defendants-appellants.
Before CHASEZ, BARNETTE and DOMENGEAUX, JJ.
BARNETTE, Judge.
These two consolidated cases are actions in tort arising out of an intersectional collision occurring at the corners of Milan and Baronne Streets in the City of New Orleans during the afternoon of October 1, 1967.
Both streets are hard-surfaced roadways. Baronne is a one-way street with traffic moving in a generally east to west direction or toward the uptown section of New Orleans. Milan is a one-way street with traffic flowing in a generally south to north direction or from the Mississippi River to Lake Pontchartrain. Baronne Street is the favored thoroughfare as evidenced by a stop sign requiring traffic on Milan Street to stop and yield to traffic on Baronne.
Three vehicles were involved in the collision: (1) a 1965 Cadillac driven by Edward F. Duthu, Jr., and owned by L. H. Moran, which was being driven from the river toward the lake; (2) a 1963 Chevrolet driven by Kathleen E. Davies and owned by her father, Sandermann G. Davies, which was being driven in an uptown direction on Baronne; and (3) a 1965 Ford Falcon station wagon owned by Clifford Young which was parked on the right-hand side of Baronne Street, uptown of the Baronne and Milan intersection. The accident occurred when the Davies vehicle collided with the front end of the Duthu vehicle and then proceeded up Baronne Street and collided with the parked automobile of Clifford Young.
In suit number 117-717 of the First City Court for the City of New Orleans, docket number 3942 of this court, Sandermann G. Davies and his automobile insurer, The Continental Insurance Company, sued Edward F. Duthu, Jr., in tort for recovery of damage to the Davies automobile. In suit number 117-744 of the First City Court for the City of New Orleans, docket number 3953 of this court, Clifford Young and his automobile insurer, State Farm Mutual Insurance Company, filed suit in tort against Sandermann G. Davies, Edward F. Duthu, Jr., and his liability insurer, Allstate Insurance Company, and L. H. Moran, doing business as Ace Hi Used Cars and Ace Hi Motor Company in solido for recovery of the damage to his automobile.
The two suits were consolidated for trial and were tried on the merits on June 24, 1969. The parties stipulated that the damage to the Young vehicle was in the sum of $410, including in the amount of $50 as the assured's deductible. The parties also stipulated that the damage to the Davies vehicle was in the sum of $821.53 and included in this amount was Davies' $100 deductible.
On July 1, 1969, judgment was rendered in suit number 117-717 in favor of plaintiff Davies and his insurer and against Duthu for the amount of the damages stipulated. Judgment in suit number 117-744, rendered on the same day, was in favor of Young and his insurer against both Davies and Duthu in solido for the amount of the damages stipulated. The suit against L. H. Moran, doing business as Ace Hi Used Cars and Ace Hi Motor Company, was dismissed. Moran was the owner of the Cadillac driven by Duthu and had lent it to him for his personal use on the day of the accident.
On July 9, 1969, the trial court judge rendered new judgments in the cases, declaring that the July 1 judgments were rendered in error. In suit number 117-717, judgment was rendered in favor of Duthu, dismissing plaintiffs' suit. In suit number 117-744, judgment was rendered in favor of Young and his insurer in the amount of the stipulated damages, but only against Davies. The suits against Duthu and Moran were dismissed.
*185 On July 16, 1969, Duthu appealed suspensively from the judgments rendered against him on July 1, 1969. On July 17, 1969, Davies and his insurer filed suspensive appeals from the July 1 judgment in suit number 117-744 and from both judgments dated July 9, 1969.
We must first determine the validity of the judgments of July 9 which recalled the judgments of July 1.
LSA-C.C.P. art. 1951 reads:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation." (Emphasis added.)
From a reading of this provision it is obvious that the judgments of July 9 were rendered in error because the changes made were as to the substance of the judgments and not merely to correct errors of calculation or to alter their phraseology. Therefore the only valid judgments before this court on appeal are those rendered on July 1, 1969.
As stated above, the judgment of July 1 in suit number 117-717 was in favor of Davies and his insurer against Duthu. The judgment in suit number 117-744 was in favor of Young and his insurer against Davies and Duthu in solido. These judgments are patently irreconcilable on their faces, which we assume accounts for the attempted correction on July 9. Therefore, we must review the facts in this case to reach a decision which will bring these judgments into conformity.
Duthu testified that he stopped in obedience to the stop sign on Milan Street and looked to his right in the direction of oncoming traffic on Baronne, but was unable to see because of parked automobiles to his right on Baronne. He testified he then proceeded forward about four or five feet into Baronne Street to get a better view and stopped a second time. At this time the collision occurred. He stated that at no time did he observe the Davies automobile approaching on Baronne. Mrs. Mildred B. Duthu, a passenger in the Duthu vehicle, testified to the same effect. Duthu said Miss Davies must have been driving very fast "for the simple reason it hit so quick." This, of course, is a mere assumption and has no probative value.
Kathleen Elizabeth Davies, driver of the Davies vehicle, testified that she was proceeding down Baronne in the middle of the street because of automobiles parked on both sides at approximately 15 to 20 miles per hour. She stated that when she approached the intersection of Baronne and Milan:
"A The only thing I remember is that this car was just coming into me, and I said, `He's going to hit me'. And that's all I can remember is him just coming into me. He hit me a little on the side. I don't remember. That's all I remember is him coming into me, moving slowly, not too fast.
Q How far away from this other car were you when you first saw it coming into you?
A What other car?
Q The car which you had the accident with.
A It was just likejust right before the impact. I mean, I just saw him. I said he was going to hit me and he hit me.
Q Do you recall a car parked to your left on Baronne Street?
A Yes."
She testified that after her automobile collided with the Duthu automobile she lost control of her vehicle and collided with the Young vehicle which was parked on the *186 right-hand side of Baronne approximately 50 to 60 feet farther up Baronne Street. Miss Davies' sister, Nancy Farrar Davies, and their grandmother, Mrs. Charles S. Farrar, passengers in the Davies vehicle, also testified to the same effect.
There is no direct evidence as to the speed of the Davies vehicle other than the testimony of Miss Davies. Neither Mr. nor Mrs. Duthu saw the Davies vehicle until the moment of impact and therefore they could not testify as to its speed. There was extensive damage to the right front of the Duthu vehicle which together with the fact that the Davies car proceeded across the street, struck and seriously damaged the parked Young vehicle and then went some distance farther before coming to rest does seem to indicate that it was traveling fast before the initial impact; but this is speculative and must yield to the positive testimony of Miss Davies and her passengers that she was not driving fast. After impact she had no control of its movement which could account for these circumstances. Physical evidence alone cannot be the basis for determining speed of a vehicle involved in an accident. Lucas v. Broussard, 197 So.2d 696 (La.App. 4th Cir.1967); Chiasson v. Connecticut Fire Insurance Company, 144 So.2d 726 (La.App. 4th Cir.1962); Liddell v. New Orleans Public Service, Inc., 128 So.2d 80 (La.App. 4th Cir.1961). We must conclude therefore that the evidence fails to support a finding of negligence on the part of Miss Davies.
We must accept the uncontradicted testimony that Duthu stopped before entering Baronne Street and that he proceeded slowly into the intersection to get a better view around the blind corner. In doing so the frontmost part of the Cadillac must necessarily have projected well into the path of the oncoming Davies car before his eyes were brought into a clear line of vision. This, we think, is a reasonable explanation of his slowly moving into the path of the Davies car as Miss Davies described in her testimony. There are many cases in our jurisprudence holding that a driver who stops at a stop sign has discharged only part of the duty required of him, he must not proceed until he has made certain it is safe to do so, and this rule is especially applicable and requires a greater degree of care when the intersection he enters is a blind one. Roussell v. Strug, 225 So.2d 34 (La.App. 4th Cir. 1969); Danos v. Forsythe, 205 So.2d 821 (La.App. 4th Cir.1968); Landry v. Yarbrough, 199 So.2d 377 (La.App. 1st Cir. 1967); Lucas v. Broussard, supra; Liverpool & London & Globe Insurance Co. v. Taylor, 193 So.2d 840 (La.App. 4th Cir. 1967).
Applying this rule to the facts in this case we find that Duthu was negligent in proceeding out into Baronne Street with an obstructed view in the direction of oncoming traffic without first ascertaining that it was safe to do so.
We have found that Miss Davies was not negligent in the operation of her vehicle. She was proceeding on a favored street and had a right to assume that her right-of-way would be respected by any motorist attempting to cross Baronne Street. Duthu's entry into her path created a sudden emergency for which she should not be held liable for any subsequent actions. Lucas v. Broussard, supra; American Road Insurance Company v. Glynn, 184 So.2d 556 (La.App. 3d Cir. 1966); Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir.1964).
Accordingly, the judgment of July 1, 1969, in suit number 117-717 of the First City Court for the City of New Orleans, docket number 3952 of this court, is affirmed at appellant Duthu's cost. The judgment of July 1, 1969, in suit number 117-744 of the First City Court for the City of New Orleans, docket number 3953 of this court, is reversed insofar as it casts defendant S. G. Davies, individually and on behalf of his minor daughter, Kathleen E. Davies, in solido with defendant Edward *187 F. Duthu, Jr., and judgment is now rendered in favor of defendant S. G. Davies and against plaintiffs rejecting their demands and dismissing this suit against S. G. Davies. In all other respects the judgment is affirmed at appellant Duthu's cost.
The purported judgments in these suits of July 9, 1969, are annulled.
One judgment affirmed; one judgment affirmed in part and reversed in part; two judgments annulled.