SARTAIN, Judge.
This is an appeal from a judgment against the surety on an appeal bond holding the said surety, the Travelers Indemnity Company (Travelers) liable jointly, severally and in solido with Main Insurance Company, Chicago, Illinois (Main), and Mrs. Ruth S. Rollins for the full amount of a judgment rendered in favor of plaintiffs and against Main and Mrs. Ruth S. Rollins.
On October 18, 1971 judgment was rendered by the district court in favor of plaintiffs and against Main and Mrs. Ruth S. Rollins in a tort suit arising out of an automobile accident. Main sought to appeal the ruling of the district court. A motion for appeal was filed and an order granting a suspensive appeal to Main was signed October 27, 1971. A supplemental and amending motion for appeal was later filed on behalf of Main and Mrs. Ruth S. Rollins. On October 29, 1971 a suspensive appeal bond was filed in the amount of $17,250.00.
The appeal, primarily concerning a question of coverage, was heard by this court and the judgment of the trial court was affirmed. See: Corkern v. Main Insurance Company, Chicago, Ill., 268 So.2d 138 (1st La.App., 1972) writ not considered, 263 La. 608, 268 So.2d 673 (1972). Upon the judgment of this court becoming final, plaintiffs undertook efforts to collect the judgment from Main and Mrs. Ruth S. Rollins. Garnishment proceedings were attempted in an effort to collect from the sureties and bonds held by the State Treasury on behalf of Main. However, prior to this procedure being effectuated, Main deposited into the registry of the court funds sufficient to cover the amount of the judgment rendered against it.
Plaintiffs attempted to recover the portion of the judgment in excess of the policy limits from Mrs. Rollins. These attempts were unsuccessful. Thereafter, plaintiffs filed the present motion for judgment against the surety on the appeal bond, Travelers.
On May 11, 1973 after hearing on the matter, the trial court rendered judgment in favor of the plaintiffs awarding recovery on the appeal bond in the total amount of the judgment previously rendered not to exceed $17,250.00, the stated amount of the *336 appeal bond. From this judgment Travelers brings this suspensive appeal.
Travelers argues that the suspensive appeal bond only bonded the appeal by Main and Mrs. Rollins up to the limits of the insurance policy and was not a suspensive appeal bond bonding Mrs. Rollins in any amount in excess of the policy limits.
Plaintiffs take the position that the sus-pensive appeal bond was executed by Travelers as surety for both Main and Mrs. Rollins. They assert that Mrs. Rollins was bonded for any judgment rendered against her, even in excess of the policy limits.
The only issue presented by this appeal is whether the suspensive appeal bond bonded Mrs. Rollins in an amount in excess of the policy limits so as to allow plaintiffs to satisfy the judgment rendered against her over and above the policy limits against the surety on the bond.
The trial court granted recovery on the bond to plaintiffs without written or oral reasons therefor. However, from that ruling it is apparent that the trial court determined that the bond did. cover Mrs. Ruth S. Rollins for her excess liability over and above the policy limits. We reverse.
In support of its contention that the sus-pensive appeal bond only bonded Main and Mrs. Rollins up to the limits of the insurance policy issued to Mrs. Rollins by Main, Travelers cites language from the initial motion and order for appeal, the supplemental and amending motion and order for appeal, and the suspensive appeal bond itself.
We note at the outset that the initial judgment of the trial court which was affirmed on appeal recognized the limits of the Main policy and provided in pertinent part as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the limit of liability of Main Insurance Company is $500.00 for the medical bills of Gordon Corkern, $500.00 for the medical bills of Patricia Marlene Garic King, and $500.00 for the medical bills of Robert Wayne Miller, and that Main Insurance Company is additionally liable for the sum of $10,000.00 plus interest in accordance with the provisions of their policy.”
The original motion for appeal was filed only on behalf of Main. However, a supplemental and amending motion for appeal was later filed and it included the name of the alleged insured, Mrs. Ruth S. Rollins. In connection with this motion the trial court ordered that a suspensive appeal be granted to Main upon their furnishing a bond in the amount of $17,250.00. The trial court also ordered that a suspensive appeal be granted to Mrs, Ruth S. Rollins upon her furnishing a bond in the amount of $25,000.00.
The amount of security which must be furnished for a suspensive appeal is set forth in La.C.C.P. Article 2124, which article also provides that the surety, on default of the appellant, shall be liable for the amount of any judgment rendered against the appellant on the appeal. L.R.S. 13:4451 authorizes and provides the procedure for obtaining a judgment against the surety on an appeal bond for the amount of the judgment or for any balance thereof which remains unsatisfied.
A suspensive appeal bond was filed; the salient provisions of which read as follows:
“WHEREAS judgment has been rendered by the above 22nd Judicial District Court for the Parish of St. Tammany, in the above entitled and numbered cause in favor of Gorden Corkern, Alvin Garic, individually and as administrator for and on behalf of his minor child, Patricia Marlene Garic, and Joyce Davis Miller, individually and as administrator for and on behalf of her minor son, Robert Wayne Miller, and against Main Insurance Company and Mrs. Ruth S. Rollins in the sum of Sixteen Thousand Four Hundred Twenty-three Dollars and *337 67/100 ($16,423.67), but which judgment recognized and limits Main Insurance Company’s liability to Eleven Thousand Five Hundred Dollars ($11,500.00), thus leaving a balance of Four Thousand Nine Hundred Twenty-three Dollars and 67/100 ($4,923.67) for which Mrs. Ruth S. Rollins is responsible, over and above the policy limits, and said Main Insurance Company and Mrs. Ruth S. Rollins, defendants, have obtained an order of suspensive appeal therein, conditioned upon furnishing of bond as provided by law; this bond being for the amount of the suspensive appeal bond required of Main Insurance Company in its capacity as the alleged insurer of Mrs. Ruth S. Rollins and specifically limiting itself to that capacity, not intending to bond any amount in excess of that for which it may be held liable under its policy of insurance and only in the event that it be found that its policy of insurance covers Mrs. Ruth S. Rollins for the accident in question.
“NOW, THEREFORE, we the undersigned, Main Insurance Company and Mrs. Ruth S. Rollins, as principals, and the Travelers Indemnity Company, as surety, do by these presents promise and agree that appellants shall prosecute the said appeal and that Main Insurance Company, in the event and only in the event that it be jointly and/or severally cast in judgment with its alleged insured, Mrs. Ruth S. Rollins, shall satisfy whatever judgment may be rendered against them coextensive with the limitations of Main Insurance Company’s policy of insurance, and that otherwise the undersigned, The Travelers Indemnity Company, as surety, will be liable in the event and only in the event that Main Insurance Company is cast in judgment either jointly or severally with its alleged insured, Mrs. Ruth S. Rollins.” (Emphasis ours)
The concluding paragraph of the bond sets forth the amount thereof as being $17,250.00. While both Main and Mrs. Rollins were named as principals in the bond, it was signed only by the attorney for Main.
A review of the judgment of the trial court reveals that the total amount of the judgment rendered in favor of the plaintiffs was $16,423.67. Main was held liable for $11,500.00 as per the limits of the insurance policy. Mrs. Ruth S. Rollins’ liability was for $4,923.67, the amount of the award in excess of the policy limits.
The suspensive appeal bond was in the total amount of $17,250.00. This is precisely one and one-half times the judgment rendered in favor of plaintiffs and against Main and was the amount necessary for Main to obtain a suspensive appeal under the provisions of La.C.C.P. Article 2124. According to the supplemental and amending motion and order for appeal the amount necessary for a valid suspensive appeal on behalf of Mrs. Rollins was set at $25,000.00, approximately one and one-half times the total judgment. No appeal bond in that amount was ever filed by Mrs. Rollins even though she had separate counsel from that provided by the insurance company at trial.
Also, we note that in the original appeal the only real issue presented was coverage under the policy. Thus, Travelers argues that Main had no reason to include Mrs. Rollins under the bond for any judgment which may have been rendered against her over and above the policy limits since it denied that she was even insured under the policy.
In our view the language of the bonding obligation clearly sets forth the extent of that obligation. Travelers agreed to act as surety on the bond for both Mrs. Rollins and Main specifically limiting itself to bonding them only up to the applicable limits of liability set forth in the insurance policy and recognized by the trial court as the amount for which Main was liable in the judgment appealed from. Main merely included Mrs. Rollins as its alleged insured in the appeal as part of its duty to defend *338 her. However, Main had no duty to appeal for her for any excess liability over and above its policy limits.
Plaintiffs argue that the suspensive appeal bond here in question was drawn up in such a manner as to evidence an attempt on the part of Main to obtain only a partial appeal and they cite the well settled rule that only one appeal bond is required for multiple appellants from a single judgment. Humble Oil & Refining Company v. Chappuis, 236 So.2d 272 (3rd La.App., 1970); Hernandez v. Ethyl Corporation, 83 So.2d 150 (1st La.App., 1955), writs denied, January 16, 1956. Such is not the case herein. The supplemental and amending motion and order for appeal clearly sets forth that Mrs. Rollins was granted a suspensive appeal conditioned upon her providing a suspensive appeal bond in the amount of $25,000.00. This bond was never filed. The bond which was filed only bound Travelers as surety for Main and Mrs. Rollins for the amount of the judgment up to the limits of the insurance policy.
Plaintiffs also assert that they should be entitled to satisfy that portion of the judgment which remains unpaid against the surety under the liberal rules of construction of bonding agreements which provide that any ambiguity in the bond should be construed in favor of the obligee. We find no such ambiguity presented by the language used in this bond. The language of the bonding obligation, quoted above, clearly sets forth the extent of that obligation only up to the amount of the applicable policy limits recognized by the trial court in the judgment.
Accordingly, the judgment of the district court decreeing Travelers Indemnity Company liable as surety on the appeal bond is reversed and judgment is hereby granted in favor of Travelers and against the plaintiffs. Costs of this appeal are assessed against plaintiffs-appellees.
Reversed and rendered.