GULOTTA, Judge.
In this intersectional automobile accident case the primary issue is the question of the concurrent or contributory negligence of the driver of the automobile traveling on the favored boulevard street. Quantum also is at issue.
On March 24, 1976 at approximately 7:40 a. m., Pamela Duchmann was a passenger in an automobile driven by Kathleen Zam-mit in a westerly direction on St. Claude Avenue (toward Canal Street). St. Claude Avenue is a neutral-ground street with two moving traffic lanes and one parking lane on each side. Dorothy Famulara, the defendant, was driving her automobile on St. Ferdinand Street in a southerly direction (toward the river). When she reached the intersection of St. Claude Avenue she stopped her car, looked for approaching traffic, and attempted to cross St. Claude. St. Ferdinand Street is a two-way street on the north side of St. Claude Avenue. No stop signs or signal lights control this intersection.
As the Famulara automobile was attempting to cross the Canal Street-bound traffic lanes of St. Claude, the front of the Zammit automobile struck the left-front of the Famulara vehicle. This suit by the Duchmanns and the Zammits followed.
A jury verdict was rendered against Dorothy Famulara and her liability insurer, Allstate Insurance Company, in favor of Pamela Duchmann in the sum of $1,000.00 in general damages and in favor of her husband, Henry Duchmann, in the sum of $566.69 in special damages. Based on a finding by the jury of negligence on the part of Kathleen Zammit, Zammit’s suit and that of her husband against Famulara and her insurer, Allstate, was dismissed. Judgment was further rendered in favor of Famulara and Allstate on their third-party demand against Michael and Kathleen Zam-mit for one-half of the amount of the judgment for which the third-party plaintiffs were cast.
The Zammits, appealing, claim the jury manifestly erred in its finding of negligence on the part of Mrs. Zammit. The appeal filed by Famulara and Allstate Insurance Company complains of the excessiveness of the awards in favor of the Duchmanns. In answer to the appeals, the Duchmanns, complain of the inadequacy of the award made to them.

CONCURRENT OR CONTRIBUTORY NEGLIGENCE OF KATHLEEN ZAMMIT

According to Mrs. Zammit, as she approached the intersection of St. Claude Avenue and St. Ferdinand Street, she saw the Famulara automobile stopped on St. Ferdinand Street, but did not take her eyes off the Famulara automobile. She was about a car-length away from the defendant automobile when she first noticed Mrs. Famu-lara pulling into the intersection, and she applied her brakes but unavoidably struck defendant’s vehicle. Mrs. Zammit further testified that at the time she saw the Fam-ulara vehicle stop in the intersection, it was about one-and-one-half car lengths away. She added, “I didn’t actually see her start. I saw her when she got right in front of my car.”
Pamela Duchmann’s testimony added little, if any, to that of Mrs. Zammit. She did testify, however, that she saw the Famu-lara automobile stop at the intersection and “. . . then the next thing I knew she was in front of us and then we collided.” She explained that she had been reading a magazine, looked up to see the stopped Famu-lara automobile, glanced down again to read the magazine, and the accident occurred.
Mrs. Famulara testified that after stopping at the corner, seeing no traffic on St. Claude Avenue, she proceeded into the westbound traffic lane of St. Claude, where the accident occurred. She stated that the accident occurred in the neutral ground lane of St. Claude. When asked if the Zammit vehicle was speeding, she testified, “I don’t think so. I really couldn’t say. Like I say, because I really didn’t see her.” According to Mrs. Zammit, she was traveling at the 35 mph speed limit. Finally, Mrs. Famulara testified that she recognized that St. Claude Avenue was the favored street.
*898 Well-established is the rule that a motorist on a favored street has the right to assume that any driver approaching the intersection on a less-favored street will yield the right-of-way. This right-of-way driver can indulge in this assumption until he sees, or should have seen, the other car has not yielded. Audubon Insurance Company v. Knoten, 325 So.2d 624 (La.App. 4th Cir. 1976). Furthermore, a driver who stops at a stop sign has discharged only part of that duty which is required of him. He may not proceed until he has made certain that it is safe for him to do so. Continental Insurance Company v. Duthu, 235 So.2d 182 (La. App. 4th Cir. 1970). See also, Clements v. Allstate Ins. Co., 383 So.2d 1375 (La.App. 4th Cir. 1980); Otillio v. Dolese, 236 So.2d 646 (La.App. 4th Cir. 1970).
Famulara’s negligence is not in contest. Applying the jurisprudence to the evidence and assuming the jury construed that evidence most favorably to Famulara, we are led to conclude that the jury erred as a matter of law when it found the violation of a duty on the part of Mrs. Zammit. When this plaintiff, Zammit, saw the Fam-ulara automobile stopped in obedience to the right-of-way street, Mrs. Zammit had a right to assume that she would remain stopped and yield to traffic traveling on the right-of-way street. When the Famulara automobile came into the path of the Zam-mit vehicle, Zammit was unable to avoid the accident. Under these circumstances we cannot conclude that Zammit was either concurrently or contributorily negligent. Accordingly, Kathleen and Michael Zammit are entitled to recover against Famulara and her liability insurer. Therefore, it necessarily follows that the third-party demand of Famulara and Allstate Insurance Company against the Zammits must be dismissed.
QUANTUM

PAMELA AND HENRY DUCHMANN

Mrs. Duchmann was seen by Dr. W. H. Newman, an orthopedic surgeon, on March 26, 1976. Her complaints at that time were of stiffness in her neck, pain in her right calf, and headaches. No muscle spasms were discerned, and her injuries were diagnosed as a sprained neck involving a tear of the ligaments to the cervical vertebrae. She was placed on muscle relaxants and a cervical collar was prescribed. Dr. Newman anticipated that Mrs. Duch-mann would have difficulty for approximately six weeks.
On March 31, 1976 plaintiff was seen by Dr. Emile A. Bertucci. He discerned stiffness in the cervical area with practically no range of motion. He found further tenderness and muscle spasm over the neck muscles and the muscles between the neck and shoulder. Examination revealed pain radiating down the entire back, although there was no tenderness over the lumbosacral junction. Muscle relaxants and a pain killer were prescribed. Dr. Bertucci’s diagnosis was a strain of both sternocleidomastoid and paravertebral muscles. He found also a strain of the uppermost portion of the trapezius muscles between the neck and shoulder. Physical therapy treatment in the form of diathermy was administered to the cervical area. Between March 31, 1976 and discharge on May 26, 1976, Mrs. Duch-mann was seen by Dr. Bertucci on ten occasions. She received twenty-one physical therapy treatments during this period. Mrs. Duchmann’s injury was classified by Dr. Bertucci as moderately severe. On the date of discharge, according to Dr. Bertucci, Mrs. Duchmann was asymptomatic.
Considering the injury, pain and suffering, as well as treatment prescribed, we deem the $1,000.00 general damage award somewhat on the low side. Nevertheless, we cannot say it is inadequate and constitutes an abuse of the jury’s discretion. Accordingly, we affirm this award in favor of Mrs. Duchmann.

KATHLEEN AND MICHAEL ZAMMIT

Kathleen Zammit was seen by Dr. Newman on March 25, 1978. Her complaints were primarily a pain in the lumbar area. The diagnosis was a sprain in the lumbosacral joint, and hot baths and exercise were prescribed. The injury was de *899 scribed by Dr. Newman, as a “mild back sprain.” He found no muscle spasm and his diagnosis was based primarily on the subjective complaints of Mrs. Zammit.
On March 31, 1976 she saw Dr. Bertucci. Her complaints again were pain in the low-back area. Upon motion of the low back, muscle spasms were noted. Dr. Bertucci’s diagnosis was acute lumbosacral strain. An anti-inflammatory agent, a muscle relaxant and pain killer were prescribed. This plaintiff received twenty-three physical therapy treatments between the time of her initial visit and her discharge on May 26,1976. It was Dr. Bertucci’s opinion that Mrs. Zam-mit sustained a “moderate strain” of the low back area. Dr. Bertucci’s records indicated that as late as May 5, 1976 Mrs. Zammit was suffering with spasms and pain. Mrs. Zammit described her injury as very painful and complained of sleepless nights on approximately four or five occasions. She further testified that up to the time of the trial she continued to experience pain in the lower back.
The nature and extent of the injury and suffering sustained by Mrs. Zammit warrants an award of $1,000.00
Medical expenses incurred by the Zam-mits included Dr. Bertucci’s bill in the sum of $395.00 and a stipulated bill from Dr. Newman in the sum of $77.00, together with $36.00 in lost wages which is not contested. Accordingly, the Zammits are entitled to recover special damages in the amount of $508.00.
Although Michael Zammit claims entitlement to the $100.00 deductible which he paid for automobile damage under his personal liability automobile insurance policy, in the answer filed by Kathleen and Michael Zammit to the third-party demand of Famulara and Allstate Insurance Company, these plaintiffs acknowledge in paragraph 3 that they had been paid in full by the third-party plaintiff for all property damage suffered by them. Under the circumstances, these plaintiffs are not entitled to reimbursement for the automobile deductible amount.
DECREE
Having so concluded, we affirm in part, reverse in part, and recast the judgment of the trial court as follows:
That part of the judgment in favor of Pamela Duchmann and against Allstate Insurance Company and Dorothy S. Famu-lara, in the sum of $1,000.00, with interest from date of judicial demand, is affirmed. That part of the judgment in favor of Henry G. Duchmann, and against Allstate Insurance Company and Dorothy S. Famu-lara, in solido, in the sum of $566.69, with interest from date of judicial demand, is affirmed. That part of the judgment dismissing Kathleen and Michael Zammit’s suit against Allstate Insurance Company and Dorothy S. Famulara is reversed and set aside. That part of the judgment in favor of third-party plaintiffs Allstate Insurance Company and Dorothy S. Famulara and against third-party defendants Michael Zammit and Kathleen Torres Zammit for one-half of the amount of the judgment for which the third-party plaintiffs have been cast is reversed and set aside.
It is further ordered, adjudged and decreed that judgment be rendered in favor of Kathleen Torres Zammit and against Allstate Insurance Company and Dorothy S. Famulara, in solido, in the sum of $1,000.00 together with interest from date of judicial demand, and further that there be judgment in favor of Michael Zammit and against Allstate Insurance Company and Dorothy S. Famulara, in solido in the sum of $508.00, with interest from date of judicial demand. Costs to be paid by Allstate Insurance Company and Dorothy Famulara.

AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND RENDERED.