LABORDE, Judge.
The trial court allowed appellees, Sylvia C. Bordelon and her daughter DeWanda Lachney Bollingham, to satisfy their judgment against Kenneth Jouglard out of sus-pensive appeal bond funds posted by Joug-lard’s insurer, Safeway Insurance Company. The issue on appeal is whether the suspen-sive appeal bond was intended to furnish security for both Kenneth Jouglard and Safeway. The trial court found that it was. Our review of the record reveals no manifest error in the trial court’s decision. Hence, we affirm.
The chronology of events leading up to the present appeal began when Sylvia C. Bordelon, individually and for her minor daughter, DeWanda, sued to recover damages for the personal injuries DeWanda received when she fell out of an automobile. The defendants in the personal injury suit were the driver of the automobile, Kenneth Jouglard and Jouglard’s insurer, Safeway. The trial court rendered judgment in favor of Mrs. Bordelon and DeWanda and against Jouglard and Safeway, finding them soli-darily liable for DeWanda’s damages.
Both Jouglard and Safeway suspensively appealed by filing a single petition and order for appeal and by furnishing a single cash bond of $27,000 as security. This cash bond was deposited in the registry of the court in Avoyelles Parish and forms the fund which is at issue here on appeal.
On appeal, the judgment was affirmed as to Jouglard and was reversed as to Safeway. Sylvia C. Bordelon v. Safeway Insurance Company and Kenneth P. Jouglard, 380 So.2d 1379 (La.App. 3rd Cir. 1980), writs denied.
It was while this matter was in the Court of Appeal that DeWanda married and was permitted to substitute herself as DeWanda Lachney Bollingham.
After the judgment against Jouglard became final, Mrs. Bordelon and DeWanda filed a petition for garnishment followed by a garnishment rule. Named as garnishee was Samuel G. Couvillion, Clerk of Court in Avoyelles Parish. Through their petition and rule, Mrs. Bordelon and DeWanda requested that the funds, deposited with the clerk on Jouglard’s account in order to perfect his suspensive appeal, be delivered to them in satisfaction of their judgment against Jouglard. At this point, Safeway intervened asking that the garnishment not take place; that the Court find that the cash bond was posted to secure Safeway’s suspensive appeal only and not that of its insured Jouglard; and that after finding such, the court ordered a return of the proceeds of the appeal bond to Safeway as owner.
After a hearing on the rule, the trial court rendered judgment in favor of Mrs. Bordelon and DeWanda and ordered that the funds held by the Clerk be paid over to the Sheriff for satisfaction of their judgment against Jouglard. Safeway appeals. It is the trial court’s judgment on the garnishment rule that we are concerned with in this appeal.
The primary issue is whether the suspen-sive appeal bond was posted to furnish security for the appeals of both Safeway and Jouglard in the personal injury action or, as Safeway contends, whether it was posted with intent to secure Safeway’s appeal only.
Article 2124 of the Louisiana Code of Civil Procedure concerns the security which must be furnished for a suspensive appeal. More importantly, that article also provides that the surety on the appeal bond, upon default of the appellant, shall be liable for the amount of any judgment rendered against the appellant on appeal.
In the instant case, Jouglard and Safeway chose to utilize a cash bond depos *185 ited into the registry of the court instead of the usual surety bond. This procedure was approved in Marie v. Police Jury of the Parish of Terrebonne, 157 So.2d 919 (La. App. 1st Cir. 1963). The result is that if this court finds that the cash deposit was intended to secure Jouglard’s appeal, then any judgment against him may be paid or satisfied from the cash bond proceeds. LSA-C.C.P. 2124.
Safeway’s argument that the money posted was not for the use and benefit of Joug-lard, but was only for the use and benefit of Safeway is simply not borne out by the record in this action.
Safeway and Jouglard were co-defendants in the personal injury suit brought by appellees. There was one judgment rendered and it held Safeway and Jouglard solidarily liable. From this single judgment, Safeway and Jouglard filed a joint petition and order for a suspensive appeal. Only one bond was posted to secure the appeal.
The law is clear that only one order of appeal and one appeal bond is necessary for multiple appellants from a single judgment. Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir. 1976). Further, that Safeway intended to secure Jouglard as well as itself may also be found from Safeway’s relation to Jouglard as his insurer. At trial, Safeway’s adjuster, Mr. Bur-kehalter, when cross-examined on the case, testified as follows:
“BY MR. WILSON:
Mr. Burkehalter, do you know whether or not at the time the suspensive appeal was filed, there was a judgment against Kenneth Jouglard and Safeway Insurance?
BY MR. BURKEHALTER:
Do I ... do I ...
BY THE COURT:
Did you ... did you or did you not know that, that’s the question.
BY MR. BURKEHALTER:
Oh, absolutely. But no reason to file the appeal.
BY MR. WILSON:
Did, at the time you filed the appeal, was Kenneth Jouglard your insured and were you complying with your contractual obligation to provide him with a defense?
BY MR. BURKEHALTER:
At the time that the appeal was filed, he was no longer insured by Safeway.
BY MR. WILSON:
The ... let me ... let me ... Let me rephrase this. At the time of the accident which underlays the suit, was Mr. Jouglard your insured?
BY MR. BURKEHALTER:
Yes, sir.
BY MR. WILSON:
Did you not have a contractual obligation at that time to provide him with a defense?
BY MR. BURKEHALTER:
I believe that’s what . .. yes, sir.
BY MR. WILSON:
And is ... at the time you filed this suspensive appeal bond, were you not in compliance with that obligation?
BY MR. BURKEHALTER:
I believe if memory serves me right, of course the contract was not introduced into the original record, but I believe it says to defend on behalf of the insured all suits (inaudible) or otherwise or whatever the terminology is.
BY MR. WILSON:
So that when a suspensive appeal was petitioned for and granted, and when the bond was posted, it was for Safeway Insurance and Kenneth P. Joug-lard? Is that not true?
BY MR. BURKEHALTER:
Now counselor ...
BY THE COURT:
Just answer yes or no, or I don’t know. BY MR. BURKEHALTER:
I don’t know.”
(Tr. 119-120)
Mr. Burkehalter was further questioned by the court as follows:
“BY THE COURT:
*186 Mr. Burkehalter, let me ask you this. At the time this accident happened, there was a contract of insurance, right?
BY MR. BURKEHALTER:
Yes, Sir.
BY THE COURT:
(Inaudible) .... you were to protect this young man, Jouglard, in the event he was sued. You owed him a defense and you owed him indemnification and all this under the policy, is that true?
BY MR. BURKEHALTER:
That’s true.
BY THE COURT:
Now, does the policy also .. . the provisions of this policy, does that carry on to protect them into appellate courts?
BY MR. BURKEHALTER:
Judge, it simply states that to defend, and I would assume this is purely an assumption on my part, that. ...
BY THE COURT:
Well, you know, you do. But you would owe it to him?
BY MR. BURKEHALTER:
Well, that’s part of the judicial process.
BY THE COURT:
Part of the defense. Now, let me ask you another question. Under the terms of similar policies, have you provided appellate defenses for your insured?
BY MR. BURKEHALTER:
I would imagine so, your Honor. I’ve done this for 45 years and it would be hard to . ..
BY THE COURT:
You’d know whether to do it or not?
BY MR. BURKEHALTER:
Oh, yes sir.
BY THE COURT:
Alright. Thank you.”
(Tr. 120-121)
In addition, at the time the suspensive appeal was filed, Safeway and Jouglard had the same attorney of record who, at the rule hearing, stated that if he were called he would testify that the appeal was filed for both parties. (Tr. 112) We also note the lack of any distinction made or limiting language used by Safeway at the time the petition for appeal was lodged or at the time the funds were deposited with the court even though it would have been very simple for Safeway to do so, and even though such limiting language has been upheld in the jurisprudence. Corkern v. Main Insurance Company, Chicago, Illinois, 289 So.2d 334 (La.App. 1st Cir. 1973) writ refused, 293 So.2d 168 (La.1974).
The trial court, apparently impressed with the above evidence, found as a matter of fact:
“If the $27,000.00 bond had not been intended for Jouglard, it would have been very simple for Safeway to appeal sus-pensively and Jouglard to appeal devolu-tively.
The Jouglard judgment is final and the purpose of the $27,000.00 bond was to insure payment of the judgment.” (Tr. 87)
Upon our review of the record, we find no manifest error in the trial court’s decision. We are thus not at liberty to disturb the decision on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Safeway Insurance Company.
AFFIRMED.