415 So.2d 351 (1982)
Mary MESSINA
v.
John BOWEN, Government Employees Insurance Company, and the City of New Orleans, Department of Streets.
No. 12789.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1982.
Darleen M. Jacobs (A Professional Law Corp.), New Orleans, for plaintiff-appellee.
Robert E. Leake, Jr., W. Paul Andersson, Hammett, Leake & Hammett, New Orleans, for defendants-appellants.
*352 Before SCHOTT, KLEES, AUGUSTINE, WARD and WILLIAMS, JJ.
KLEES, Judge.
This case arises out of an automobile accident which occurred at the intersection of St. Ferdinand Street and St. Claude Avenue in New Orleans. Plaintiff was awarded judgment against defendants John Bowen and Government Employees Insurance Company (GEICO). Only GEICO appeals.
The facts show that on May 20, 1978, the plaintiff was proceeding in a southerly direction on St. Ferdinand Street and stopped at its intersection with St. Claude Avenue. Her objective was to cross St. Claude Avenue, the favored street. When she reached this intersection she testified that she could not tell if any automobiles were approaching the intersection from St. Claude Avenue because her vision was obstructed by parked cars on St. Claude Avenue.
The plaintiff further testified that "I Looked and I couldn't see. I pulled out a little moreI could see there was a train passing. But I still couldn't see enough to see if there was cars. So I pulled on a little more. And that's the last thing I remember." At this time she proceeded forward while looking straight ahead and while in the right lane of St. Claude Avenue her automobile was struck squarely in the middle by the car driven by defendant's minor son, Douglas R. Bowen.
The defendant's minor son testified that he was travelling approximately 35 to 40 miles per hour at the time he initially observed the plaintiff move forward into his path. He further testified that he did not see the plaintiff until she moved forward into his path. Theodore Pierce, the police officer who investigated the accident, provided support for this claim by the defendant when he testified that the same parked cars that obstructed the view of the plaintiff could have obstructed the view of the defendant.
David Bickham, an independent witness, testified that he was travelling in his vehicle to the rear of and in the left lane of St. Claude Avenue while the defendant was in the right lane. He claimed to have seen the plaintiff's car when it was stopped and began to move forward. However, this does not prove that the defendant could have or should have seen the plaintiff's car.
The appellants contend that the trial judge committed reversible error by failing to find the plaintiff contributorily negligent which would be a bar to her recovery.
Although the trial judge concluded Douglas Bowen was negligent because he was travelling 35 to 45 mph on a street having a 35 mph speed limit; nonetheless Bowen had the right of way on St. Claude Avenue and it is a firm rule of law that when a motorist is travelling on a favored street he has the right to assume that any driver approaching the intersection from a less favored street will yield the right of way. This right of way driver can indulge in the assumption until he sees or should have seen the other car has not yielded. Duchmann v. Allstate Insurance Company, 389 So.2d 896 (La.App. 4th Cir. 1980).
Assuming for the sake of argument that the defendant's view of the plaintiff was not obstructed, he was still entitled to assume that she would yield the right of way, particularly since she did stop a second time after she moved forward to see if it was safe to cross the street.
Uncontradicted testimony shows that the defendant was approximately two (2) car lengths or 36 feet away at the time he observed the plaintiff's car move out in front of his path. This fact was corroborated by the testimony of Earle H. Boudreaux, an expert in accident investigation and reconstruction, who stated that the total stopping distance at 40 mph would be 85.61 feet, and at 35 mph the total stopping distance was 70 feet which indicates the accident was unavoidable.
Furthermore, a driver entering a right of way street where the view is obstructed is under a duty to proceed with extreme caution. Continental Insurance Company v. Duthu, 235 So.2d 182 (La.App. 4th Cir. 1970) writ refused 239 So.2d 346, 256 La. 820 (1970).
*353 It is clear that the plaintiff failed to exercise the extreme care required of her. Based upon the plaintiff's own testimony it appears that she assumed that a crossing train blocked off the traffic giving her freedom to cross when she in fact was not certain that there were no cars approaching the intersection from St. Claude Avenue.
The appellee argues preemption. However before a motorist can successfully rely on preemption he must show that he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to cross without requiring an emergency stop by the vehicle; entry into the intersection just a fraction of a second ahead of the other vehicle does not create a preemption. West v. Travelers Indemnity, 225 So.2d 139 (La.App. 4th Cir. 1969). Gracias v. Collins, 236 So.2d 295 (La.App. 4th Cir. 1970).
In the present case all of the parties testified that the plaintiff's car was struck while in the right lane of St. Claude Avenue and that plaintiff did not even reach the middle of the street before she was hit. The conclusion necessarily follows that plaintiff should have seen defendant approaching and should have remained in her position on St. Ferdinand Street until it was clear to proceed.
The trial court concluded that the sole proximate cause of the accident was the negligence of the minor driver, Douglas Bowen, and exonerated plaintiff from fault. If plaintiff was guilty of contributory negligence, which was a proximate cause of the accident she would be barred from recovery. Our review of the record convinces us that the exoneration of plaintiff Messina from contributory negligence constituted manifest error and we reverse.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of Government Employers Insurance Company against Mary Messina, dismissing her suit at her cost.
REVERSED AND RENDERED.
WARD, Judge, dissenting.
I respectfully dissent from the majority decision which reverses the trial court judgment, which was based on a factual finding: Douglas Bowen was negligent; Mary Messina was not. The majority disagrees with the finding that Mrs. Messina was not negligent and makes its own finding that she wasrelying on the trial court record.
Although I disagree with the majority's new finding of facts, my view of the facts is of small importance, but the trial judge's is not, and for good reason. His factual findings must be given great deference. Hence, the standard of appellate review permits reversal of his findings only when they are clearly wrong (manifestly erroneous). The majority falls far short of demonstrating that the trial judge's findings were clearly wrong.
In my opinion, this case is a remarkable illustration of why the findings of fact by either judge or jury should be given great deference. In this intersectional automobile accident, the dominant issue is whether the driver of a vehicle, Mrs. Messina, was contributorily negligent. On May 29, 1978, shortly before 4 p.m., Mrs. Messina was driving her automobile in a southerly direction (toward the river) on St. Ferdinand, a two-way street. After approaching the intersection of St. Ferdinand and St. Claude Avenue, she stopped her vehicle, although the intersection was uncontrolled by either traffic light or stop sign. Her vision of traffic was blocked by vehicles parked on St. Claude, a neutral ground street with two moving traffic lanes and one parking lane on each side. After stopping, she looked but she couldn't see, so she cautiously inched out into the right lane of St. Claude, where she was struck broadside by the vehicle driven by Douglas Bowen.
On the other hand, Mr. Bowen did not exhibit such caution. Mr. Bowen, the sixteen-year-old son of the defendant, was driving his father's car on St. Claude in a westerly direction (toward Canal Street). His companion, a sixteen-year-old youth, occupied the right front passenger seat of the vehicle, and they were talking and listening *354 to jazz. When they approached the intersection of Press Street and St. Claude, three-fourths of a block before the intersection where the accident occurred, a passing train blocked their path, and they were forced to stop. When the train partially cleared the intersection, although it blocked the lane he was stopped in, Bowen took off and circled around the last car of the train, and proceeded on St. Claude in the lane of traffic nearest the neutral ground. A bicyclist blocked that lane, travelling much too slow for Mr. Bowen, and he quickly changed into the right-hand lane, where he then observed Mrs. Messina's vehicletoo late to avoid the accidentand he smashed into the left side of her car. A witness, who was in a vehicle which had also been forced to stop because of the train, described Bowen's takeoff as very fast. Bowen admitted driving between thirty-five and forty miles per hour when he observed the Messina vehicle; the trial judge found he was driving at least thirty-five miles per hour and perhaps as much as forty-five miles per hour.
The majority relies upon a decision of this court to establish the principle (a matter of common sense): "A driver entering a right of way street where the view is obstructed is under a duty to proceed with extreme caution." Continental Insurance Co. v. Duthu, 235 So.2d 182 (La.App. 4th Cir. 1970), writ ref. 239 So.2d 346, 256 La. 820 (1970). Since I believe the learned trial judge is equally aware of this principle, when he determined that Mrs. Messina was not negligent he must have determined that she had proceeded with extreme caution. He undoubtedly considered Bowen's negligent drivingcircling the last railroad car, accelerating at a great speed, swerving from the left lane to the rightas conduct which a reasonable, prudent person could not foresee. Additionally, he undoubtedly believed that defendants, who must bear the burden of proving contributory negligence by a preponderance of the evidence, did not prove their case.
The implications of the majority's opinion cannot be ignored: appellate court judges can best determine facts. In my opinion, they cannot. Hence, the standards for appellate review require manifest error before findings of fact are vacated and new findings substituted by appellate courts. This is because trial judges (and jurors) are uniquely suited to answer factual questions after presentation of the evidence during trial. They participate in a courtroom drama which is an attempt to recreate an atmosphere and portray events that occurred at a different time and place. This drama permits the finder of fact to visualize and feel the occurrence of those events in a way that is extremely difficult to reproduce by means of the cold, dispassionate transcript in the record that must be reviewed by the appellate court. In my opinion, the majority mistakenly relies upon the transcript in this case to substitute its findings of fact for the trial judge's.
Moreover, although the majority relies upon the transcript, that transcript, however inadequate, reveals equal support for the trial judge's finding that Mrs. Messina was not negligent. Additionally, before appellate courts reverse a trial judge's findings, it is not sufficient for the transcript to show the trial judge was wrong, it must show he was clearly wrong (manifestly erroneous). In my opinion he was not manifestly erroneous, and we should affirm his judgment.
WILLIAMS, J., dissents for the reasons assigned by WARD, J.