451 So.2d 1196 (1984)
John T. BOWEN
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY.
No. 83 CA 584.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
*1197 Robert Angelle, Henican, James & Cleveland, New Orleans, for plaintiff-appellant.
Gordon F. Wilson, Jr., Dodge, Friend, Wilson & Spedale, New Orleans, for defendant-appellee.
Before BOUTALL, KLIEBERT and BOWES, JJ.
KLIEBERT, Judge.
This is a devolutive appeal by the plaintiff, John F. Bowen, from a judgment of the lower court dismissing his suit against his liability insurer, Government Employees Insurance Company (GEICO). The suit was for alleged damages incurred as a result of GEICO's failure to post an appeal bond sufficient to suspensively appeal that portion of a judgment in excess of the policy limits. GEICO had filed a suspensive appeal bond only for that portion of the judgment for which it was in solido liable with the insured. We affirm.
The facts of this case are not disputed. Plaintiff's minor son was involved in an auto accident with Ms. Mary Messina. Prior to trial, GEICO had offered to settle the case for a nuisance value of $500.00. However, Ms. Messina would not settle for any amount less than the policy limits of $5,000.00. Unable to reach a settlement, the case was tried before the district judge who rendered judgment against GEICO and Mr. Bowen in the amount of $23,557.76. GEICO filed a suspensive appeal on behalf of itself and Mr. Bowen to the extent of its policy limits and a devolutive appeal as to the excess for Mr. Bowen. It posted an appeal bond only in the amount of its policy limits, i.e., $5,000.00.
On being consulted, GEICO's attorney recommended to its insured, Mr. Bowen, that he post an appeal bond for the amount of the judgment in excess of the policy limits. After unsuccessful attempts to obtain a surety bond, Mr. Bowen settled the case with Ms. Messina in the amount of $17,000.00. On appeal, the Fourth Circuit Court of Appeal reversed the trial court. See Messina v. Bowen, 415 So.2d 351 (4th Cir.1982). Thus, Mr. Bowen is, in the words of the trial judge, "in a unique and unfortunate set of circumstances". Specifically, he is now bound to a $17,000.00 settlement in a case for which he was eventually adjudicated not to be at fault.
On this appeal, Mr. Bowen contends the lower court erred in not finding GEICO liable for failure to provide a bond sufficient to suspensively appeal the entire judgment. In support of the contention, Bowen arguesan insurer is under a duty to defend its insured, hence, failure to post security for the entire amount of the judgment was a breach of that duty.
Louisiana courts have imposed a jurisprudential duty on insurance companies to adequately defend the insured's interest against judgments in excess of the policy limits. The duty encompasses an obligation not to arbitrarily or unreasonably refuse to settle a claim within policy limits prior to rendition of a judgment that casts the insured in judgment for an amount in excess of the policy limits. Younger v. Lumbermens Mutual Casualty Company, 174 So.2d 672 (3rd Cir.1965). See also Ward v. State Farm, 539 F.2d 1044 (CA 5 1976). Additionally, the duty has been extended to include the appeal of a judgment in excess of the policy limits. Reichert v. Continental Insurance Company, 290 So.2d 730 (1st Cir.1974).
On appeal the issue presented is whether the insurance company breached that duty. Bowen contends the duty of the insurance company to adequately defend the insured encompasses an obligation to post a bond sufficient to cover the excess judgment pending a suspensive appeal.
In the vast majority of states, there is no such duty imposed on the insured. Appleman, 7C Insurance Law and Practice, § 4688 states the majority position as follows at page 203:
"All current policies, to the writer's knowledge, carry a provision that the *1198 insurer agrees to pay the premium on supersedeas bonds but do not obligate the insurer to furnish such bond. If the verdict is in excess of the policy limits, the insurer cannot furnish the entire supersedeas bond without becoming obligated for the entire judgment if the case is affirmed on appeal. This does not mean that the insurer should not assist the insured in trying to make arrangements for such bond with the insurer making a private arrangement for security to the extent of its coverage. This will relieve the insured from the necessity of providing the entire bond amount. If the bond cannot be procured the insurer can still proceed with the appeal. But collection proceedings may be taken against the insurer if the judgment is not superseded. Where the insured refused to furnish such a bond, but instead settled the judgment, he was deemed to have discharged the insurer from all liability..."
In our view, the majority rule of the other states is correct. If the insurer were to post a bond on the entire amount of the judgment and the case was affirmed on appeal, the insurer would be liable on the bond for the entire amount of the judgment. Bordelon v. Safeway Insurance Company, 398 So.2d 183 (3rd Cir.1981). This would in effect rewrite the policy to provide coverage beyond the contractual policy limits.
However, the insurer's duty to act in good faith requires it to assist the insured in attempting to arrange bond for the amount of the judgment in excess of the policy limits. Because of its duty to defend in good faith, the insurer cannot merely abandon the insured's interest on appeal. Reichert, supra. The insurer should make a reasonable effort to help the insured protect his property pending the outcome of the appeal. The fiduciary duty and good faith requirements of Louisiana law require the insurer to contemplate the plight of the insured once an excess judgment is rendered and they have elected to post bond only in the amount of their liability under the policy.
In the instant case, there is an abundance of evidence to indicate that throughout the settlement negotiations and litigation, the attorneys for the insured kept the insured informed of developments in the case. The insured was in full agreement with the defense urged by the insurer. Moreover, they communicated with the insured's attorney concerning the status of the appeal and the issue of execution of judgment. Bowen elected to settle rather than furnish an appeal bond for the excess judgment. Under the circumstances of this case, the insurance company was not obligated to furnish a suspensive appeal bond for the amount of the judgment in excess of its in solido liability with its insured. Hence, we cannot say the trial court erred in finding that the insurer did not breach its duty toward the insured.
Accordingly, the judgment of the trial court is affirmed. Each party is to bear his own cost.
AFFIRMED.