NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 22-169


# LAWRENCE FRANKS AND ROBBIE FRANKS

# VERSUS

# STATE NATIONAL INSURANCE COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 77,499 A
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.**
**DEVOLUTIVE APPEAL MAINTAINED.**

**James Thomas Rivera**
**Scofield & Rivera, LLC**
**Post Office Box 4422**
**Lafayette, LA 70502**
**(337) 235-5353**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **Larry Frank**
 **State National Insurance Company**
 **Reliant On Call, LLC**
 **Reliant Transportation, LLC**

**Derrick G. Earles**
**Laborde Earles Law Firm**
**1901 Kaliste Saloom Road**
**Post Office Box 80098**
**Lafayette, LA 70598**
**(337) 261-2617**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Robbie Franks individually and as administratrix of the**
 **Estate of Lawrence Lee Franks**

**PICKETT, Judge.**

Plaintiffs-Appellees, Robbie Franks, individually and as administratrix of the Estate of Lawrence Lee Franks, filed a "Motion to Dismiss Suspensive Appeals of Larry Frank, Reliant Transportation, LLC, and Reliant On-Call, LLC." For the reasons stated herein, we hereby grant Appellees' motion to dismiss the suspensive appeal of Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, and maintain the appeal as devolutive.

The instant case arises from an automobile accident that occurred on September 13, 2017. On January 15, 2021, a jury rendered its verdict in the matter. An Amended Judgment was signed by the trial court on September 29, 2021, memorializing the jury's verdict of $3,816,421.49 in damages in favor of Appellees. Notice of judgment was mailed to the parties that same day. Defendants-Appellants, State National Insurance Company, Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, filed a Judgment Notwithstanding the Verdict and/or New Trial and/or Remittitur on October 7, 2021. An order denying same was signed and mailed to the parties on December 17, 2021. Appellants timely filed their notice of suspensive appeal on January 3, 2022. The instant appeal was lodged in this court on March 15, 2022.

Appellees assert that Appellant, State National Insurance Company, has filed a bond in this case and therefore perfected its suspensive appeal. The record reflects that an appeal bond was posted by State National Insurance Company in the amount of $1,160,697.51. The remaining Appellants, Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, however, have not filed a bond to date as required by La.Code Civ.P. art. 2123. As such, Appellees argue that the suspensive appeal of

Appellants, Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC is untimely and should be dismissed and converted to a devolutive appeal.

Pursuant to Article 2123, a suspensive appeal must be taken and security furnished within thirty days of either the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict or from the date of the mailing of notice of the trial court's denial of a timely motion for new trial or judgment notwithstanding the verdict. Appellees maintain that the delay to file the bond necessary for perfecting a suspensive appeal ran from the December 17, 2021 denial of Appellants' Judgment Notwithstanding the Verdict and/or New Trial and/or Remittitur and expired on January 17, 2022. Since Appellants, Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, have not furnished security for their appeal to date, Appellees conclude that the suspensive appeal as to these appellants must be dismissed.

In opposition to the motion to dismiss, Appellants state that they have no objection to dismissing the suspensive appeal and converting it to a devolutive appeal. Appellants wish to clarify, however, that Appellees' ability to collect on the judgment rendered against Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, is limited since Appellants, as insureds and solidary obligors of State National Insurance Company, receive a benefit from the bond covering the remaining policy limits of the State National Insurance Company policy.

Further, Appellants assert that the Amended Judgment signed by the trial court on September 29, 2021, specifically recognizes that "[t]he payment of any such amounts by **STATE NATIONAL INSURANCE COMPANY** pursuant to its policy terms will thereafter reduce the amounts owed in judgment by Defendants, **LARRY FRANK, RELIANT TRANSPORTATION, LLC AND RELIANT ON CALL, LLC,** by said amounts paid." The purpose of the bond, Appellants maintain, is to secure the payment of State National Insurance Company's remaining policy limits in

2

the event the appeal is unsuccessful. Because Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC's judgment is reduced by the amount paid by State National Insurance Company, all Appellants benefit from the bond.

Appellants add that Louisiana jurisprudence has consistently held that "only one appeal bond is required from multiple appellants from a single judgment." *Humble Oil & Refining Co. v. Chappuis*, 236 So.2d 272 (La.App. 3 Cir. 1970). Appellants maintain, however, that an insurer is not required to post an appeal bond to cover the entire amount of an excess judgment. *Bowen v. Government Employees Ins. Co.*, 451 So.2d 1196 (La.App. 5 Cir. 1984). To require the insurer to post a bond for an amount exceeding its policy limits, Appellants contend, would in essence result in an increase of the policy limits. Appellants assert that the amount of the bond posted by an insurer furnishes security for both the insured and insurer for up to the amount of the judgment covered by the bond. *Bordelon v. Safeway Ins. Co.*, 398 So.2d 183 (La.App. 3 Cir.), *writ denied*, 404 So.2d 280 (La.1981). Appellants urge that the final judgment executed in this matter contemplates that Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, all benefit from the payment of State National Insurance Company's remaining policy limits for which a bond was timely posted. Also, the request for a suspensive appeal was filed on behalf of all the Appellants who are represented by the same counsel. Appellants conclude that it is clear that the parties intended for all Appellants to benefit from the bond covering State National Insurance Company's remaining policy limits.

Although the appeal as to Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, is appropriately classified as a devolutive appeal under current Louisiana law, Appellants point out that Appellees' ability to collect on the judgment during the course of the pending appeal is limited to that amount above and beyond State National Insurance Company's remaining policy limits. Appellants Larry Frank,

Reliant Transportation, LLC, and Reliant On Call, LLC, acknowledge that they did not post a bond on the amounts in excess of the remaining State National Insurance Company's policy limits. As such, Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC, concede that their appeal should be considered devolutive, but only to the amounts in excess of State National Insurance Company's policy limits.

Since the time for filing and posting bond for a suspensive appeal has elapsed, we hereby dismiss the suspensive appeal of Larry Frank, Reliant Transportation, LLC, and Reliant On Call, LLC and maintain the appeal as devolutive, only to the amounts in excess of State National Insurance Company's policy limits.

**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED.**
**DEVOLUTIVE APPEAL MAINTAINED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.